***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 22, affirmed June 28, 2023

In the Matter of M. T. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. T. H.,
*Appellant.*

Marion County Circuit Court
16CC08060; A178759

Jennifer J. Brown, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

Aoyagi, J., dissenting.

**JACQUOT, J.**

Appellant appeals an order of continued involuntary civil commitment. After a hearing conducted on March 24, 2022, the trial court found appellant to have a mental disorder that caused him to be unable to provide for his basic needs. *See* ORS 426.130(1)(a)(C) (providing for civil commitment of a "person with mental illness"); ORS 426.005(1)(f)(B) (defining "person with mental illness" to include a person who, because of a mental disorder, is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future"). Appellant does not contest that he has a mental disorder, but he contends that the evidence was legally insufficient to support the trial court's finding that he cannot meet his basic needs.

Appellant has not requested, and we decline to provide, *de novo* review. *See* ORS 19.415(3)(b) (giving us "sole discretion" whether to engage in *de novo* review of one or more factual findings in an appeal in an equitable proceeding); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases"). We therefore defer to the trial court's factual findings if there is any evidence in the record to support them. *State v. B. B.*, 240 Or App 75, 77, 245 P3d 697 (2010). Whether the evidence is legally sufficient to support civil commitment is a question of law that we review for legal error. *State v. R. L. W.*, 267 Or App 725, 728, 341 P3d 845 (2014).

To qualify as a "person with mental illness" under ORS 426.005(1)(f)(B), a person must have a mental disorder that causes the person to be "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of 'serious physical harm'—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019). The record in this case is quite thin. Ultimately, however, we conclude that it was legally sufficient, if just barely, to support the court's finding regarding appellant's inability to meet his basic needs. Accordingly, we affirm.

Affirmed.

**AOYAGI, P. J.,** dissenting.

The majority concludes that the evidence was legally sufficient for the trial court to find that, due to a mental disorder, appellant is unable to meet his basic needs within the meaning of ORS 426.005(1)(f)(B), so as to allow continued commitment. There are numerous hints in the record that a much greater body of evidence exists than the state offered at appellant's hearing, both with respect to basic needs (the ground on which the trial court relied) and danger to others (the alternative ground that the state argued and the trial court rejected). Indeed, there is little doubt in my mind that the state could have met its burden of proof. I cannot say that it *did* so, however, on this record. Involuntary commitment is a serious infringement on liberty that requires the state to prove by clear and convincing evidence that a person has mental illness within the meaning of ORS 426.130(1)(a). In my view, the state fell short in this instance. Accordingly, I respectfully dissent.